IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V. | : | CRIMINAL ACTION |
| | : | |
| **RICARDO ZANELA-CASTELAN** | : | NO. **1:07-CR-00021-002 (JJF)** |

**SENTENCING MEMORANDUM OF DEFENDANT
RICARDO ZANELA-CASTELAN**

### I. BACKGROUND

On February 15, 2007, a three-count indictment was filed against Ricardo Zanela-Castelan. The defendant was named in Counts One and Three of the Indictment which charged the defendant with the following: Count One , transporting illegal aliens for financial gain in violation of 8 § 1324(a)(1)(A)(ii) and (a)(1)(B)(I); and Count Three , Illegal Entry by an Alien, in violation of 8 U.S.C. § 1325. The indictment also contained a Notice of Forfeiture wherein the defendant, if convicted of Count One of the Indictment, would forfeit a brown 1998 Chevrolet van. On April 19, 2007, the defendant, represented by court-appointed counsel, entered guilty plea to Count One [transporting illegal aliens for financial gain in violation of 8 § 1324(a)(1)(A)(ii) and (a)(1)(B)(I)], and the government agreed to dismiss Count Three of the Indictment. The defendant also agreed to pay a $100.00 special assessment on the day of sentencing.

### II. SENTENCING FACTORS

Defendant asks that the Court take the following mitigating factors into account in imposing his sentence:

1. The defendant has no prior criminal record. PSR, ¶¶25, 26 and 27.

2. There were no victims in this case. PSR, ¶ 12.

3. Defendant did not impede or obstructed justice. PSR, ¶13.

4. There is no restitution in this case. PSR, ¶ 53.

5. Defendant truthfully provided the Government with all evidence and information he had in relation to the criminal offense he is being charged with. PSR,¶¶ 9-11.

6. Defendant's participation in the commission of the crime was very minimal; he assisted another person in driving the van only after they arrived in St. Louis, Missouri. PSR, ¶ 11.

7. Defendant has a wife and a ten-year-old daughter, who is an American citizen, living in the Brooklyn, New York, to whom he provides their financial support. PSR, ¶ 29.

8. Defendant's wife was diagnosed with a brain tumor and was scheduled for surgery in January, 2007. She has postponed her surgery because she has no one to care of her or her daughter post-surgery. PSR, ¶ 32.

9. Defendant's wife is presently working as a hair dresser to support herself and her daughter while defendant is incarcerated. PSR, ¶ 32

10. Defendant has no physical problems nor any history of alcohol abuse or mental problems. PSR, ¶¶ 33 and 35.

11. Defendant has a twelfth-grade education but cannot communicate in the English language (the Sentencing report was facilitated with the help of an Spanish-speaking interpreter). PSR, ¶¶ 14 and 36.

12. Defendant has no special skills, training or education and is currently unemployed. Defendant is not capable of paying a fine at the present time. PSR, ¶ 40.

13. Immigration and Custom Enforcement had lodged a detainer against Defendant since he is a national of Mexico.

14. Defendant understands the severity of his participation in this crime, understands that he must pay for his crime, and knows that he will be removed from the United States of America upon completion of his sentence, and he will not be able to return to this country in the future. PSR, ¶15.

### III. APPLICABILITY of 18 U.S.C.§3553(a)

The court shall impose a sentence sufficient but not greater than necessary. The court in determining the particular sentence to be imposed shall consider several factors. The court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant. In this case, the participation of the defendant was limited to transport illegal aliens by driving a van during their trip from St. Louis, Missouri to New Jersey. Defendant admitted doing so in order to get a reduction of 50% of his smuggling fee, to pay $800.00 instead of $1,600.00. Defendant's participation was neither as a organizer or co-conspirator. As stated above, Defendant has no criminal record, and additional factors to be considered are submitted to the court as part of the Sentencing Factors.

(2) The need for the sentence to be imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment, amongst others. Defendant recognizes and understands the severity and seriousness of the offense committed and have shown repentance for his action. He also understands that he must pay for his actions and not only wishes he had a second chance but vows never to repeat such a behavior; he states that he did it only to reunited

with his family. Defendant also understands that as part of his punishment, he will not be able to return to the United States. Based on his actions and lack of prior criminal record, Defendant moves the court for clemency in order to impose an adequate sentence.

(3) The kind of sentences and the sentencing range established for. Since Defendant has no criminal convictions, he is in Category of I at the Sentencing Table, at level 13. The guideline range for imprisonment is 12 to 18 months. Due to his lack of criminal record and acceptance of responsibility, the government had agreed to recommend a term of imprisonment of 12 months and one day. Technically, Defendant qualifies for the application of the safety valve as he meets all criteria under 18 U.S. C. § 3553(f):

    1.The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

    2. The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    3. The offense did not result in death or serious bodily injury to any person;

    4. The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in §408 of the Controlled Substances Act; and

    5. Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the

Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Defendant clearly qualifies for the discretionary application of the aforesaid disposition. Therefore, the court has discretionary power to impose a sentence departing from the sentencing range established.

## IV.  CONCLUSION

Defendant respectfully asks credit for time served, which at time of sentencing will be **4** months.  Furthermore, taking into consideration Defendant's lack of prior criminal record, and all other mitigating factors as well as 18 U.S.C.§3553(a), Defendant respectfully requests that he be sentenced to time served, with the understanding that he will be immediately removed by Immigration and Custom Enforcement, and will not be able to return to this country.

Respectfully submitted,

_____
Ubel G. Velez, Esquire
Attorney for Defendant,
Ricardo Zanela Castelan
24 Wilmont Mews
P.O. Box 3287
West Chester, PA   19381
610-431-0809

Dated: May 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL ACTION |
| | : | |
| RICARDO ZANELA-CASTELAN | : | No. 1:07-CR-00021-002 (JJF) |

## CERTIFICATE OF SERVICE

I, Ubel G. Velez, Esq., do certify that on May 18, 2007, true and correct copy of the within Defendant's Sentencing Memorandum was served by e-mail and first class mail, postage prepaid, upon the following:

Robert Kravetz , Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, De 19899-2046

Jean M. Lubinsky
U.S Probation Officer
J. Caleb Boggs Federal Building
844 King Street
Wilmington, De 19801

Ricardo Zanela Castelan , USM 05203-015
Salem County Correctional Center
125 Cemetery Road
Woods town, NJ 08098

_____
Ubel  G. Velez, Esquire